# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| EDWARD FRANCO, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) No. 06-0156-CV-W-FJG |
| JOHN E. POTTER, | ) |
| Postmaster General, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Pending before the Court is plaintiff's motion for reconsideration (Doc. No. 10).

Plaintiff wishes the Court to reconsider the Order denying plaintiff's application for appointment of counsel (Doc. No. 5). Although a civil litigant does not have a constitutional or statutory right to a court-appointed attorney, the district court may make such an appointment at its discretion. Wiggins v. Sargent, 753 F.2d 663, 668 (8th Cir. 1985). The appointment of counsel "'should be given serious consideration . . . if the plaintiff has not alleged a frivolous or malicious claim'" and the pleadings state a prima facie case. In re Lane, 801 F.2d 1040, 1043 (8th Cir. 1986)(quoting Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984)). The Court must also consider plaintiffs' inability to obtain counsel on his own and plaintiff's need for an attorney. Id. The inquiry regarding plaintiff's need for counsel should focus on the following, non-exclusive factors: (1) the factual and legal complexity of the case; (2) plaintiff's ability to investigate the facts and present the claim; and (3) the existence of conflicting testimony. Id. at 1043-44.

The Court is unconvinced that plaintiff should be appointed counsel at this stage of the proceedings. First, the Court notes that plaintiffs must make "a reasonably diligent effort under the circumstances to obtain counsel." Bradshaw v. Zoological Society, 662 F.2d 1301, 1319 (9th Cir. 1981). In this case, plaintiff alleges he has contacted 35 to 40

attorneys; however, to-date, plaintiff has provided the names of only three attorneys plus Legal Aid of Western Missouri.  It is unclear whether the attorneys contacted handle this type of case or whether they take cases on a contingency fee basis.  The Court concludes in its discretion that plaintiff has not fulfilled his obligation to diligently attempt to secure representation.  Accordingly, this factor weighs against appointment of counsel.

Second, the Court notes that plaintiff has not demonstrated that he meets any of the need-based factors.  Based on the information before it, and at this early stage in the proceedings, the Court is unable to determine whether this case has the potential to become factually or legally complex.  Nothing in the record shows that plaintiff lacks the ability to investigate the facts or otherwise present his claim.  Furthermore, a determination as to the existence of conflicting testimony would be premature at this early stage in the proceedings, where defendant has only recently been served.

Therefore, because plaintiff has not yet demonstrated need or an inability to acquire counsel, plaintiff's motion for reconsideration of the Order denying appointment of counsel (Doc. No. 10) will be **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court send a copy of this order via regular and certified mail to plaintiff at the following address:

Edward Franco
707 Wabash
Kansas City, Missouri 64124


**IT IS SO ORDERED.**


Date:  May 9, 2006         **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri         Fernando J. Gaitan, Jr.
         United States District Judge

2